IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRUSH DENTAL DOMAIN, P.C., d/b/a SWISH DENTAL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| SWISH DENTISTRY, P.L.L.C., d/b/a, ANNA M. MUNNÉ, D.D.S, P.A. & ASSOCIATES, d/b/a, HEALTHYGUMS4ALL, d/b/a, D/B/A SWISH DENTAL GROUP, | § § § § § § | |
| Defendant. | § § | |

## PLAINTIFF SWISH DENTAL'S ORIGINAL COMPLAINT

Plaintiff Brush Dental Domain, P.C., d/b/a Swish Dental ("Swish Dental"), files its original complaint against Defendant Swish Dentistry, P.L.L.C., d/b/a Anna M. Munné, D.D.S. P.A. & Associates, d/b/a HealthGums4All, d/b/a Swish Dental Group ("Defendant").

## I.
## SUMMARY OF ACTION

1.      Swish Dental is a well-known business that operates dentistry studios in ten locations in Texas. To promote its dentist services, since 2017, Swish Dental has owned and utilized a family of trademarks containing or comprising the word "SWISH," including "SWISH DENTAL" (which it federally registered in 2017), "SWISH SMILE" (which it federally registered in 2018), and "SWISH DENTISTRY" (which it federally registered in 2019).

2.      As a result of Swish Dental's well-credentialed professionals and continuous and widespread use of its registered trademarks, consumers associate the "SWISH" mark with Swish Dental and its superior dental services. Thus, Swish Dental's federally registered trademarks are incredibly valuable to Swish Dental's business and reputation.

3.      Like Swish Dental, Defendant is *also* a business that operates a dentistry studio. However, *unlike* Swish Dental, Defendant apparently does not use its own trademarks. Instead, Defendant advertises itself as "SWISH DENTAL GROUP," which is a blatant infringement of Swish Dental's registered trademarks for "SWISH DENTAL," "SWISH SMILE," and "SWISH DENTSTRY."

4.      More disturbing, however, is that Defendant's infringing use of the "SWISH DENTAL GROUP" mark deceives customers, including those who have placed Defendant's personnel in a position of trust. By calling itself "SWISH DENTAL GROUP," Defendant is hoodwinking customers into wrongly believing that they are entrusting their dental health with professionals associated with or sponsored by Swish Dental, while in fact, these customers are *actually* being treated by imposters. And, of course, unlike with Swish Dental's *own* professionals, Swish Dental has *no* control over the quality of Defendant's personnel or services.

5.      By tricking dental customers into purchasing services from Defendant—when they believe they are actually utilizing Swish Dental—Defendant has essentially pilfered Swish Dental's profits.  But, the damages to Swish Dental hardly stop at lost profits. Indeed, by calling itself "SWISH DENTAL GROUP," Defendant has caused Swish Dental to lose, among other things, both the ability to control its trademarks as source indicators for Swish Dental's services and Swish Dental's own sterling reputation (especially to the extent any dental customers of Defendant are

dissatisfied with their experience with Defendant or its personnel and attribute it to Swish Dental and its personnel).

6.    Accordingly, Swish Dental seeks legal remedies for Defendant's numerous violations under the federal Lanham Act, including (i) federal trademark infringement under 15 U.S.C. § 1114, (ii) counterfeiting under 15 U.S.C. § 1114, (iii) false designation of origin under 15 U.S.C. § 1125(a), (iv) unfair competition and false advertising under 15 U.S.C. § 1125(a), and (v) cybersquatting under 15 U.S.C. 1125§(d).

7.    Swish Dental also asserts claims against Defendant for violations under the Texas state-law counterparts of these federal Lanham Act statutes.

8.    As remedies for Defendant's legal actions, Swish Dental seeks monetary damages, punitive and exemplary damages, attorneys' fees and costs, and pre-judgment and post-judgment interest.

9.    However, due to the nature of the harm caused by Defendant's deception, these monetary damages are far from an adequate remedy at law.  To address the immediate and irreparable harm caused by Defendant, Swish Dental also seeks preliminary and permanent injunctions to prohibit Defendant from, among other things, using the "SWISH DENTAL GROUP" mark in connection with the marketing, sale or promotion of dentist services.

10.    Finally, Swish Dental seeks the transfer the infringing domain name SWISHDENTALGROUP.com from Defendant to Swish Dental, or alternatively, an order by with Defendant forfeits the infringing domain name or its present ownership interest in it is deemed cancelled.

## II.
## THE PARTIES

11.      Plaintiff Brush Dental Domain, P.C., d/b/a Swish Dental is a professional corporation duly organized and existing under the laws of the State of Texas, with its principal place of business at 301 Brazos Street, #723 Austin, Texas 78701.

12.      Upon information and belief, Defendant Swish Dentistry, P.L.L.C., d/b/a Anna M. Munné, D.D.S. P.A. & Associates, d/b/a HealthyGums4All, d/b/a Swish Dental Group, is a professional limited liability company duly organized and existing under the laws of the State of Texas, with its principal place of business at 4817 Main Street, Suite 210, Houston, Texas 77002. Upon information and belief, Defendant may be served through its owner, Dr. Anna M. Munné, at that address.

## III.
## JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction over the parties under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a), as certain of Swish Dental's claims against Defendant arise under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), (e).

14.      This Court has personal jurisdiction over the parties, as the parties reside and transact substantial business in Texas, thereby making such contacts with the Texas both systematic and continuous. Further, upon information and belief, Defendant's acts and omissions giving rise to Swish Dental's claims occurred in Texas (which is where Swish Dental experienced the resulting injuries and damages). This Court, therefore, has both general *and* specific jurisdiction over the parties.

15.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c)(2), as Defendant resides in this judicial district. In addition, venue is proper because in this

district under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## IV.
## FACTS

**A.    Swish Dental has registered and uses the SWISH DENTAL TRADEMARKS.**

16.    Swish Dental is a Texas business that operates dental studios in ten locations in Texas, including Cedar Park, Pflugerville, East (East Austin), Mueller Alamo (Central Austin), Mueller Family (Central Austin), Boulder Lane (NW Austin), Bullcreek (NW Austin), Brodie Lane (South Austin), South 1st (Downtown Austin), and Domain (North Austin). Swish Dental is actively engaging in plans to expand its business by opening one or more dental studios in Houston as well.

17.    On August 18, 2016, Swish Dental filed an "intent to use" application with respect to the mark "SWISH DENTAL," and on October 24, 2017, the United States Patent and Trademark Office ("USPTO") granted Swish Dental federal trademark 5,318,303 registration for "SWISH DENTAL" for "[d]entist services" ("SWISH DENTAL TRADEMARK"). SWISH DENTAL is registered on the Principal Register. A copy of the SWISH DENTAL TRADEMARK is attached hereto as **Exhibit 1** and incorporated herein by reference.

18.    On September 5, 2017, Swish Dental filed an application with respect to the mark "SWISH SMILE," and on April 24, 2018, the USPTO granted Swish Dental federal trademark registration 5,451,873 for "SWISH SMILE" for "[d]entist services" ("SWISH SMILE TRADEMARK"). A copy of the SWISH SMILE TRADEMARK is attached hereto as **Exhibit 2** and incorporated herein by reference.

19.    On May 16, 2018, Swish Dental filed an "intent to use" application with respect to the mark "SWISH DENTISTRY," and on May 14, 2019, the USPTO granted Swish Dental federal

trademark registration 5,753,043 for "SWISH DENTISTRY" for "[d]entist services" ("SWISH DENTISTRY TRADEMARK"). A copy of the SWISH DENTISTRY TRADEMARK is attached hereto as **Exhibit 3** and incorporated herein by reference.

20.     The SWISH DENTAL TRADEMARK, SWISH SMILE TRADEMARK, AND SWISH DENTISTRY TRADEMARK (collectively the "SWISH DENTAL TRADEMARKS") are distinctive, valid, protectable, and subsisting trademarks, and the SWISH DENTAL TRADEMARKS are not cancelled. As a result, the SWISH DENTAL TRADEMARKS constitute *prima facie* evidence of their validity, and Swish Dental's exclusive right to use the SWISH DENTAL TRADEMARKS in nationwide commerce and/or or in connection with dentist services.

21.     Prior to and in the years since receiving the SWISH DENTAL TRADEMARKS, Swish Dental has utilized the SWISH DENTAL TRADEMARKS in advertising and commerce relating to dentist services. As a result of their continuous and widespread use of the SWISH DENTAL TRADEMARKS over this period, SWISH DENTAL owns extremely valuable goodwill in these marks for dentist services.

**B.     Defendant willfully misused the SWISH DENTAL TRADEMARKS without Swish Dental's Consent.**

22.     Upon information and belief, Defendant is a Texas business that operates one or more dental studios in Texas, including in Houston (where, as stated above, Swish Dental actively plans to expand).

23.     Pursuant to 15 U.S.C. § 1072: (a) since October 24, 2017, Defendant has had constructive notice of the SWISH DENTAL TRADEMARK; (b) since April 24, 2018, Defendant has had constructive notice of the SWISH SMILE TRADEMARK; and (c) since May 14, 2019,

Defendant has had constructive notice of the SWISH DENTISTRY TRADEMARK (collectively, "Constructive Notice").

24.     Upon information and belief, after receiving Constructive Notice, Defendant began using the mark "SWISH DENTAL GROUP" in connection with dentist services ("Infringing Use").

25.     On or about February 23, 2021, Swish Dental first became aware of the Infringing Use through an advertisement for dentist services from "SWISH DENTAL GROUP," which Defendant apparently disseminated to the public ("Infringing Advertisement"). A copy of the Infringing Advertisement is attached hereto as **Exhibit 4** and incorporated herein by reference.

26.     As demonstrated by the Infringing Advertisement, Defendant offered—and is apparently still offering—dentist services: (a) that are same or substantially similar to the same services offered by Swish Dental and in the same state of Texas, and (b) under the mark "SWISH DENTAL GROUP," which is confusingly similar to the SWISH DENTAL TRADEMARKS.

27.     Defendant's use of the SWISH DENTAL TRADEMARKS through its use of the "SWISH DENTAL GROUP" mark is without the consent or authorization of Swish Dental. On the contrary, on February 26, 2021—less than a week after first learning of Defendant's Infringing Use—Swish Dental (through undersigned counsel) transmitted a letter to Defendant: (a) providing Defendant with *actual* notice of the SWISH DENTAL TRADEMARKS ("Actual Notice"), (b) advising Defendant of the Infringing Use, (c) demanding that Defendant cease and desist from engaging in further infringing use of the SWISH DENTAL TRADEMARKS ("Demand to Cease and Desist"), and (d) stating that if Defendant did not comply with the Demand to Cease and Desist, Swish Dental would have no choice but to bring a legal action against Defendant (collectively,

"Demand Letter"). A copy of the Demand Letter is attached hereto as **Exhibit 5** and incorporated herein by reference.

28.    Despite having Constructive Notice, Actual Notice, notice of the Infringing Use, notice of the Demand to Cease and Desist, and possession of the Demand Letter, upon information and belief, Defendant has willfully continued to utilize the mark "SWISH DENTAL GROUP" for dentist services.

**C.    Defendant improperly acquired the SWISHDENTALGROUP.com Domain Name.**

29.    Swish Dental owns and operates a website at www.swishsmiles.com ("Swish Dental's Website"). Through its website, Swish Dental promotes and offers for sale and sells its dental services under the SWISH DENTAL TRADEMARKS.

30.    Upon information and belief, Defendant owns and operates the website SWISHDENTALGROUP.com ("Infringing Domain Name").

31.    The Infringing Domain Name is identical or confusingly similar to the SWISH DENTAL TRADEMARKS, which was distinctive when Defendant registered the Infringing Domain Name.

32.    Upon information and belief, Defendant was aware of Swish Dental's rights in the SWISH DENTAL TRADEMARKS when it selected and registered the Infringing Domain Name.

33.    Upon information and belief, Defendant has no rights in or to any trademark or name that is similar to the Infringing Domain Name and is not legitimately known by any name that is similar to the Infringing Domain Name.

34.    Upon information and belief, Defendant had no legitimate purpose for registering the Infringing Domain Name and did so only with bad faith intent to profit from the goodwill in the SWISH DENTAL TRADEMARKS and from use of the Infringing Domain Name.

## V.
## CAUSES OF ACTION

**First Cause of Action:**
**Federal Trademark Infringement (15 U.S.C. § 1114)**

35.    All the foregoing allegations are incorporated by reference for all purposes.

36.    Swish Dental possesses legally protectable trademarks, including the SWISH DENTAL TRADEMARKS.

37.    Swish Dental's registration of each of the SWISH DENTAL TRADEMARKS with the USPTO is *prima facie* evidence that the SWISH DENTAL TRADEMARKS are inherently distinctive.

38.    The acts and omissions of Defendant constitute: (a) use of reproductions, counterfeits, copies or colorable imitations of Swish Dental's registered SWISH DENTAL TRADEMARKS, (b) use of the SWISH DENTAL TRADEMARKS without Swish Dental's consent (and, on the contrary, with Actual Notice, notice of Swish Dental's Demand to Cease and Desist, and notice and possession of the Demand Letter),  (c) use of the infringing "SWISH DENTAL GROUP" mark in commerce, and (d) use of the infringing "SWISH DENTAL GROUP" mark in connection with the sale, offering for sale, distribution, or advertising of dentist services.

39.    The acts and omissions of Defendant further constitute use that is likely to cause consumer confusion, deception, or mistake as to source, sponsorship or approval of Defendant's goods or services in violation of 15 U.S.C. § 1114. There is also a *probability* of confusion (if not instances of *actual* confusion already) because of, among other things: (a) the type of marks Defendant infringed, which are extremely strong due to their distinctiveness (resulting in their federal registrations); (b) the strong similarity of the marks since: (i) Defendant's use of the "SWISH DENTAL" mark within the "SWISH DENTAL GROUP" mark comprises the entirety of Swish Dental's registered "SWISH DENTAL" mark, (ii) Defendant's use of the "SWISH DENTAL" mark

within the "SWISH DENTAL GROUP" mark is significantly similar to Swish Dental's registered "SWISH DENTISTRY" mark, and (iii) Defendant's use of the "SWISH DENTAL GROUP" mark and the "SWISH DENTAL" mark contain the same word "SWISH" as in all of the SWISH DENTAL TRADEMARKS; (c) the strong similarity of the services, as both Swish Dental and Defendant provide similar, if not identical, dentist services; (d) the strong similarity of customers, as Swish Dental and Defendant both service individuals: (i) living in Texas and (ii) seeking dentist services (and Swish Dental is actively planning to provide dentist services to individuals living in Houston); (e) the apparent similarity in advertising media, as Swish Dental advertises on the internet, and upon information and belief, if not enjoined by this Court, Defendant plans to use the "SWISH DENTAL GROUP" mark on the internet; (f) Defendant's intent, which is to trade on Swish Dental's reputation, as demonstrated by Defendant's use of the infringing "SWISH DENTAL GROUP" mark, notwithstanding the Constructive Notice, Actual Notice, notice of the Infringing Use, notice of the Demand to Cease and Desist, and notice and possession of the Demand Letter; and (g) the degree of care exercised by potential customers, which is weak, as dentist services are likely not the sort of services where customers will take the time to conduct a deep investigation to determine whether Defendant (advertising itself as "SWISH DENTAL GROUP") is, in fact, affiliated with or sponsored by Swish Dental.

     40.    As direct and proximate result of Defendant's federal trademark infringement, Swish Dental has sustained substantial injury and harm resulting in damages to Swish Dental, including, among other things loss of sales and profits, for which Swish Dental would have realized but for the above-described wrongful activities of Defendant.

     41.    Additionally, based on such misconduct by Defendant, Swish Dental is suffering immediate and irreparable harm for which Swish Dental has no adequate remedy of law, including,

among other things, harm to: (a) the goodwill of the SWISH DENTAL TRADEMARKS, (b) Swish Dental's ability to have the SWISH DENTAL TRADEMARKS serve as source indicators for the services offered under them, (c) Swish Dental's ability to control the use of the SWISH DENTAL TRADEMARKS, (d) the reputations of Swish Dental, its associates, its products, its services, and its professionals, and (e) other of Swish Dental's trademark rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

42.     Unless this Court enjoins Defendant, such irreparable harm will continue.

43.     Defendant's activities were committed willfully, knowingly, maliciously, and in conscious disregard of Swish Dental's legal rights.

44.     Defendant's trademark infringement has unjustly increased the profits of Defendant's dental business to the detriment of Swish Dental and at no cost to Defendant.

45.     Due to Defendant's violations of the Lanham Act, Swish Dental is entitled to injunctive relief, actual damages, compensatory damages, and punitive damages in amounts to be determined at trial, along with its attorneys' fees and costs under 15 U.S.C. § 1117 (as this is an exceptional case due to Defendant's willful conduct).

46.     Furthermore, Swish Dental also seeks all remedies available under the Lanham Act, including, but not limited, to those provided by 15 U.S.C. § 1116(a) and 1117(a).

### Second Cause of Action:
### Trademark Counterfeiting (15 U.S.C. § 1114)

47.     All the foregoing allegations are incorporated by reference for all purposes.

48.     Defendant has used spurious designations that are identical with, or substantially indistinguishable from, the SWISH DENTAL TRADEMARKS on services covered by registrations for the SWISH DENTAL TRADEMARKS.

49.    Defendant has intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale, and distribution of services.

50.    Defendant's use of the SWISH DENTAL TRADEMARKS to advertise, promote, offer for sale, distribute, and sell dental services bearing counterfeits of said marks is and has always been without Swish Dental's consent.

51.    Defendant's unauthorized use of the SWISH DENTAL TRADEMARKS on and in connection with his advertisement, promotion, and sale, offering for sale, and distribution of dental services through the distribution of flyers constitutes Defendant's use of the SWISH DENTAL TRADEMARKS in commerce.

52.    Defendant's unauthorized use of the SWISH DENTAL TRADEMARKS as set forth above is likely to: (a) cause confusion, mistake, and deception; (b) cause the public to believe that Defendant's dental services are the same as Swish Dental's dental services, that they are authorized, sponsored or approved by Swish Dental, or that they are otherwise affiliated, connected or associated with or in some way related to Swish Dental – when in fact they are not; and (c) result in Defendant unfairly benefiting from Swish Dental's advertising and promotion, and unfairly profiting from the reputation of Swish Dental and its SWISH DENTAL TRADEMARKS, all while causing substantial and irreparable injury to Swish Dental, the SWISH DENTAL TRADEMARKS and the substantial goodwill represented thereby, and the public.

53.    Defendant's acts constitute willful trademark counterfeiting in violation of 15 U.S.C. § 1114. Indeed, on February 26, 2021, Swish Dental sent Defendant the Demand Letter demand a "written, sworn, and notarized confirmation that" Defendant, its principal, and its employees have ceased and desisted from "further advertising, selling, renting, or distributing any products or

services that utilize" the SWISH DENTAL TRADEMARKS "in branding—including any use of word 'SWISH' in [is] marketing." (**Exhibit 5** at 3.) In the four months since then, Defendant has still failed to provide such written, sworn, and notarized confirmation, thereby suggesting that Defendant has continued to infringe the SWISH DENTAL TRADEMARKS willfully and improperly in violation of 15 U.S.C. § 1114.

54.     By reason of the foregoing, Defendant is liable to Swish Dental for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Swish Dental's election, an amount representing three (3) times Swish Dental's damages and/or Defendant's illicit profits; and (b) reasonable attorneys' fees, investigative fees, costs, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

### Third Cause of Action:
### False Designation of Origin under the Lanham Act (15 U.S.C. § 1125(a))

55.     All the foregoing allegations are incorporated by reference for all purposes.

56.     The SWISH DENTAL TRADEMARKS are distinctive marks that are associated with Swish Dental and exclusively identify Swish Dental's business, products, and services.

57.     Defendant has used, and upon information and belief, continues to use the SWISH DENTAL TRADEMARKS in connection with goods and services: (a) in commerce, (b) in connection with dentist services, and (c) in a manner that is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of such goods or services.

58.     As a result of Defendant's acts, Swish Dental is entitled to injunctive relief, actual, compensatory, and punitive damages in an amount to be determined at trial, along with its attorneys' fees and costs under 15 U.S.C. § 1117 (as this is an exceptional case due to Defendant's willful

conduct). Furthermore, Swish Dental also seeks all remedies available under the Lanham Act, including, but not limited, to those provided by 15 U.S.C. § 1116(a) and 1117(a).

**Fourth Cause of Action:**
**Unfair Competition/False Advertising under the Lanham Act  (15 U.S.C. § 1125(a))**

59.     All the foregoing allegations are incorporated by reference for all purposes.

60.     The SWISH DENTAL TRADEMARKS are distinctive marks that are associated with Swish Dental and exclusively identify Swish Dental's business, products, and services.

61.     Defendant has used, and upon information and belief, continues to use, the SWISH DENTAL TRADEMARKS in connection with goods or services in a manner that constitutes false and misleading descriptions or representations of fact in commercial advertising or promotion.

62.     Defendant has done this through its use of the "SWISH DENTAL GROUP" mark, which is use of words, terms, names, symbols or devices tending falsely to describe Defendant's infringing goods and services, namely dentist services, within the meaning of 15 U.S.C. § 1125(a)(1).

63.     Accordingly, Defendant mispresented, and upon information and belief, is continuing to mispresent the nature, characteristics, and qualities of its goods, services, and or commercial activities.

64.     Defendant's use of the SWISH DENTAL TRADEMARKS through its illegal and improper use of the infringing "SWISH DENTAL GROUP" mark constitutes a statement that either deceived or has the capacity of deceiving a substantial segment of potential customers, as it misled or has a probability of misleading potential customers into believing that Defendant (and/or its products, services, activities, and/or personnel) it or was affiliated with or sponsored by Swish Dental.

65.     Defendant's deception was and is material, in that it is likely to have influenced customers' decisions, or will influence customers' decisions, about where to purchase dentist services.

66.     Specifically, based on Swish Dental's goodwill and reputation, Defendant's deception has influenced and/or will likely influence customers into purchasing dentist services from Defendant under the false belief that: (a) Defendant (and/or its products, services, activities, and/or personnel) is affiliated with or sponsored by Swish Dental and/or (b) the customers purchased, are purchasing, or will be purchasing dentist services from Swish Dental.

67.     As a result of Defendant's acts, Swish Dental is entitled actual, compensatory, and punitive damages in an amount to be determined at trial, along with its attorneys' fees and costs under 15 U.S.C. § 1117 (as this is an exceptional case due to Defendant's willful conduct).

68.     As a result of Defendant's acts, Swish Dental is entitled to injunctive relief.

69.     Furthermore, Swish Dental also seeks all remedies available under the Lanham Act, including, but not limited, to those provided by 15 U.S.C. § 1116(a) and 1117(a).

**Fifth Cause of Action: Cybersquatting**
**(15 U.S.C. § 1125(d))**

70.     All the foregoing allegations are incorporated by reference for all purposes.

71.     Swish Dental owns all rights in and to the SWISH DENTAL TRADEMARKS, which are strong and distinctive, and were strong and distinctive as of the date that Defendant registered the Infringing Domain Name.

72.     Defendant registered the Infringing Domain Name, which is identical or confusingly similar to Swish Dental's SWISH DENTAL TRADEMARKS.

73.     Defendant registered the Infringing Domain Name with a bad-faith intent to profit from its confusing similarity to Swish Dental's SWISH DENTAL TRADEMARKS.

74.     Among other things, and upon information and belief: (a) Defendant registered the Infringing Domain Name, despite knowing that Defendant had no rights in any name or mark and was

not legitimately known by any name that was referenced or reflected in the Infringing Domain Name; and (b) Defendant made no bona fide, non-infringing, commercial use or fair non-commercial use of the Infringing Domain Name.

75.     Defendant's conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Swish Dental, and to its goodwill and reputation, and such irreparable harm and injury will continue to damage Swish Dental until and unless such irreparable harm and injury enjoined by this Court.

76.     Swish Dental has no adequate remedy at law.

77.     Swish Dental is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other forms or injunctive relief, transfer of the Infringing Domain Name to Swish Dental, or in the alternative, an order by which this Court order that Defendants forfeit the Infringing Domain Name and/or that Defendant's ownership interest in the Infringing Domain Name is immediately cancelled.

78.     Swish Dental is further entitled to recover its damages and Defendant's profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a).

79.     Alternatively, Swish Dental is entitled to maximum statutory damages in the amount of $100,000 for the Infringing Domain Name pursuant to 15 U.S.C. § 1117(d).

80.     Swish Dental is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

**Sixth Cause of Action:**
**Common Law Trademark Infringement and**
**Unfair Competition Claim Under Texas Law**

81.     All the foregoing allegations are incorporated by reference for all purposes.

82.     Defendant's unauthorized use of the SWISH DENTAL TRADEMARKS constitutes common law trademark infringement and unfair competition in violation of Texas law.

83.     Due to Defendant's violations of Texas law, Swish Dental is entitled to actual, compensatory, and punitive damages in an amount to be determined at trial, along with its attorneys' fees and costs.

84.     Due to Defendant's violations of Texas law, Swish Dental is also entitled to injunctive relief.

## VI.
## JURY DEMAND

85.     Pursuant to Federal Rule of Civil Procedure 38(b), Swish Dental hereby demands a trial by jury on all issues so triable.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Swish Dental prays for the following relief:

1.     A preliminary injunction and a permanent injunction restraining Defendant, as well as Defendant's owners, principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys, and representatives, and all of those in privity with or acting under the direction or control of any of them, from: (a) making any use of the SWISH DENTAL TRADEMARKS or any marks confusingly similar to the SWISH DENTAL TRADEMARKS, including the infringing "SWISH DENTAL GROUP" mark or any other mark containing the words "SWISH DENTAL" or "SWISH," in connection or association with the marketing, sale and/or promotion of goods or services related to dentistry; (b) directly or indirectly infringing the SWISH DENTAL TRADEMARKS in any manner, including but not limited to manufacturing, distributing, advertising, selling, or offering any sale of any products or services that infringe the SWISH

DENTAL TRADEMARKS and/or that contain the words "SWISH DENTAL" or "SWISH," or (c) using the infringing "SWISH DENTAL GROUP" mark or a or any other mark containing the words "SWISH DENTAL" or "SWISH," as well as any other mark, word, term, name, symbol, or device, or any combination therefrom on any advertisement, product or product packaging or labeling, or using any false designation of origin, false, or misleading description of fact, or false or misleading representation of fact likely to cause confusion, or to cause mistake or to deceive customers as to the affiliation, connection, or association of Defendant with Swish Dental or as to the origin, sponsorship, or approval of Defendant's goods or service by Swish Dental;

2.      A recovery of actual and compensatory damages to be determined at trial, including, but not limited to Swish Dental's lost profits, disgorgement of Defendant's wrongfully obtained profits, reputational damages to Swish Dental (along with its products, services, and professionals), reputation damages and other damages reducing the value of the SWISH DENTAL TRADEMARKS, a trebling monetary awards, an increase in such award under 15 U.S.C. § 1117, all other damages identified in the paragraphs above, and all other monetary damages permitted by statute or common law whether expressly stated above;

3.      Transfer of the Infringing Domain Name to Swish Dental or, in the alternative, an order by which this Court order that Defendants forfeit the Infringing Domain Name and/or that Defendant's ownership interest in the Infringing Domain Name is immediately cancelled;

4.      An award to Swish Dental of punitive/exemplary damages;

5.      An award to Swish Dental of its reasonable attorneys' fees and costs of the action;

6.      Pre-judgment interest and post-judgment interest; and

7.      Such other and further relief, at law or in equity, to which it may be justly entitled.

DATED: June 28, 2021

Barry M. Golden
Texas State Bar. No. 24002149
Southern District of Texas No. 24946
EGAN NELSON LLP
2911 Turtle Creek Blvd., Suite 1100
Dallas, Texas 75219
Office Phone: (214) 628-9500
Mobile Phone: (214) 893-9034
Facsimile: (214) 628-9505
Email: barry.golden@egannelson.com

Eric Adler
Washington State Bar No. 49371*
EGAN NELSON LLP
1601 5th Avenue, Suite 1100
Seattle, Washington 98109
Office Phone: (206) 753-1450
Email: eric.adler@egannelson.com

**ATTORNEYS FOR PLAINTIFF
BRUSH DENTAL DOMAIN, P.C.,
D/B/A SWISH DENTAL**

*Verified Application for Pro Hac Vice Admission to Be Filed*

# **EXHIBIT 1**

# United States of America

## United States Patent and Trademark Office

# Swish Dental

**Reg. No. 5,318,303**

**Registered Oct. 24, 2017**

**Int. Cl.: 44**

**Service Mark**

**Principal Register**

Brush Dental Domain, PC (TEXAS professional corporation )
301 Brazos Street Apt 723
Austin, TEXAS 78701

CLASS 44: Dentist services

FIRST USE 8-14-2017; IN COMMERCE 8-14-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: DENTAL

SER. NO. 87-142,992, FILED 08-18-2016



Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# **EXHIBIT 2**

# United States of America

## United States Patent and Trademark Office

# SWISH SMILE

**Reg. No. 5,451,873**

**Registered Apr. 24, 2018**

**Int. Cl.: 44**

**Service Mark**

**Principal Register**

Brush Dental Domain, PC (TEXAS professional corporation )
301 Brazos Street Apt 723
Austin, TEXAS 78701

CLASS 44: Dentist services

FIRST USE 8-28-2017; IN COMMERCE 8-28-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "SMILE"

SER. NO. 87-596,793, FILED 09-05-2017



Director of the United States
Patent and Trademark Office

# **EXHIBIT 3**

# United States of America

## United States Patent and Trademark Office

# SWISH DENTISTRY

**Reg. No. 5,753,043**

**Registered May 14, 2019**

**Int. Cl.: 44**

**Service Mark**

**Principal Register**

Brush Dental Domain, PC  (TEXAS professional corporation )
3310 W Braker Ln Bldg 1-100
Austin, TEXAS 78758

CLASS 44: Dentist services

FIRST USE 2-27-2019; IN COMMERCE 2-27-2019

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 5451873, 5318303

No claim is made to the exclusive right to use the following apart from the mark as shown: "DENTISTRY"

SER. NO. 87-923,268, FILED 05-16-2018



Director of the United States
Patent and Trademark Office

# **<u>EXHIBIT D</u>**



# **EXHIBIT 5**

# E G A N   N E L S O N   L L P

February 26, 2021

Ann M. Munné, DDS                    *Via Federal Express Overnight and Certified Mail*
Swish Dentistry, P.L.L.C
4817 Main St., Suite 210
Houston, Texas 77002

**Re:     Demand Letter Prior to Commencing Litigation/Arbitration**

Dr. Munné:

This firm represents Brush Dental Domain, PC d/b/a Swish Dental ("***Swish Dental***").

Swish Dental has recently learned that Swish Dentistry, P.L.L.C., d/b/a Anna M. Munné, D.D.S., P.A. & Associates and/or HealthyGums4All ("***You***") has begun to market and sell dental services under the name "Swish" and/or "Swish Dental Group." This conduct infringes Swish Dental's trademark rights giving rise to legal causes of action.

This letter sets forth specific and material demands.  Should You fail to comply with these demands, Swish Dental will have no choice but to seek immediate legal recourse.

**A.     Swish Dental's Trademark Rights.**

As you may know, Swish Dental is a Texas professional corporation with locations throughout Texas. Additional information is available at swishsmiles.com.

Swish Dental has used the Swish Trademarks (defined below) in the course of its commerce since at least as early as August 18, 2016. Furthermore, Swish Dental owns numerous Federal trademark registrations, including: (a) registration number 5,318,303 for the mark "Swish Dental" for use relating to "Dentist services" (a copy of which is attached hereto as **Exhibit A**), (b) registration number 5,451,873 for the mark "SWISH SMILE" for relating to "Dentist services" (a copy of which is attached hereto as **Exhibit B**), and (c) registration number 5,753,043 for the mark "SWISH DENTISTRY" for use relating to "Dentist services" (a copy of which is attached hereto as **Exhibit C**) (collectively the "***Swish Trademarks***"). These are distinctive, valid and protectable trademarks.

Swish Dental invests substantial resources in promoting its brand, and to ensure that customers associate the Swish Trademarks exclusively with Swish Dental, and with its premium quality dental services. As a result, customers have come to closely associate Swish Trademarks exclusively with Swish Dental and its dental services.

# EGAN NELSON LLP

February 26, 2021
Ann M. Munné, DDS
Page 2

**B.**     **You Are Infringing Swish Dental's Trademark Rights.**

You are using the Swish Trademarks in a manner similar, if not identical, to Swish Dental's prior use. Indeed, You have been flagrantly employing Swish Dental's Swish Trademarks in the course of selling dental and dentist services. For example, according to Your recent mailing flyers (copies of which are attached as **<u>Exhibit D</u>**), You have been marketing dental and desist services under the "Swish" branding no later than January 2021. You have done this without the consent of Swish Dental and in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods and/or services. Accordingly, Your conduct violates both federal and state laws.

For example, Your improper copying of Swish Dental's Swish Trademarks constitutes violations of the Lanham Act. 15 U.S.C. §1051 *et seq*.  The Lanham Act provides many potent remedies for trademark infringement, false designation of origin and unfair competition. Because Your conduct is causing Swish Dental to suffer irreparable economic and reputational harm, Swish Dental is entitled to seek preliminary permanent injunctions. Further, Swish Dental is—in addition to injunctive relief—entitled to monetary remedies include disgorging profits, treble and/or exemplary damages, and attorneys' fees.  For counterfeit marks, the Lanham Act provides for statutory damages of up to two million dollars. 15 U.S.C. §1117(c).

Additionally, Your improper and illegal use of Swish Dental's Swish Trademarks constitutes violations of any number of various state laws mirroring the aforementioned federal laws and regarding unfair competition, misappropriation, civil conspiracy, tortious interference, conversion, and others. Damages may include, among other things, compensatory damages, punitive damages, attorneys' fees, and costs.

Notably, you (meaning Dr. Munné, individually), as a corporate officer, may also be found *personally liable* for your company's infringing acts under a theory of vicarious liability. For example, an officer that has a financial interest in the infringing company as well as the ability to supervise the infringing activity will be jointly and severally liable with the company.[1]

---

[1] *See, e.g.*, *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3d Cir. 1978); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir.1985); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir.1996).

# EGAN NELSON LLP

February 26, 2021
Ann M. Munné, DDS
Page 3

**C.      Swish Dental Demands that You Cease the Trademark Infringement.**

Swish Dental promotes its brand to ensure that customers associate the Swish Trademarks exclusively with Swish Dental and with its premium quality dental services. This promotion has required Swish Dental to expend substantial resources. Because Swish Dental has invested so heavily in creating and promoting its intellectual property, it will show no hesitation to enforce its legal rights, if necessary.

Furthermore, and as stated above, Your illegal activity has Your conduct is causing Swish Dental to suffer irreparable economic and reputational harm, Swish Dental is entitled to seek preliminary permanent injunctions. Further, Swish Dental has caused and is continuing to cause Swish Dental to suffer irreparable harm

Accordingly, Swish Dental demands that You and your principals and employees: (1) immediately cease and desist from further advertising, selling, renting, or distributing any products or services that utilize Swish Dental's Swish Trademarks in branding—including any use of word "SWISH" in your marketing ("***Cessation Demand***"), and (2) within **seven (7) days** from the date of this letter, provide to the undersigned a written, sworn, and notarized confirmation that You have complied with the Cessation Demand ("***Confirmation***").

Should you fail to comply with the Cessation Demand and Confirmation in the above-stated time period, Swish Dental will have no choice but to commence a lawsuit to obtain immediate injunctive relief, monetary damages, and attorneys' fees and expenses Swish incurs in connection with such proceedings (beginning with the fees and expenses incurred relating to the preparation of this correspondence).

**D.      Swish Dental Demands that You Preserve Records.**

Please be advised that this letter constitutes notice to You that Swish anticipates the prospect of seeking recourse through litigation.  Accordingly, You and Your agents are subject to a legal obligation to preserve all information, documents, data, and things relating to this matter.  This obligation includes preserving all electronic data and storage media, including but not limited to laptops, desktops, hard drives, flash drives, temporary files, e-mails, cookies, browser history, programs, program information, source code, metadata, user-identification profiles, device information, server records, and server logs.

# E G A N   N E L S O N   L L P

February 26, 2021
Ann M. Munné, DDS
Page 4

By way of example, but not to be taken as exhaustive, you and your agents are required to preserve all information, documents, data relating to any of the defined terms in **bold** font in the above sections of this letter (which is one of the reasons this letter explicitly includes such defined terms). Failure to preserve any information, documents, data, and things relating to the forming litigation violates Your legal obligations under all applicable laws related to the preservation of documents and electronic data, and it can subject You to sanctions in a court of law.

Nothing contained in or omitted from this letter is intended to waive any of Swish's rights, claims, remedies, or causes of action against You, Your agents, or Your companies. To the contrary, Swish expressly reserves all such rights, remedies, and causes of action, whether at law or in equity.

If you are represented by legal counsel (and if you wish not to communicate with me directly), please have your legal counsel contact me immediately. Otherwise, I await your response.

Sincerely,

Barry M. Golden, Esq.
Counsel for Brush Dental
Domain, PC d/b/a Swish Dental

Enc.


cc:    Eric Adler, Esq. (via email)

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# Swish Dental

**Reg. No. 5,318,303**

**Registered Oct. 24, 2017**

**Int. Cl.: 44**

**Service Mark**

**Principal Register**

Brush Dental Domain, PC (TEXAS professional corporation )
301 Brazos Street Apt 723
Austin, TEXAS 78701

CLASS 44: Dentist services

FIRST USE 8-14-2017; IN COMMERCE 8-14-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: DENTAL

SER. NO. 87-142,992, FILED 08-18-2016



Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# EXHIBIT B

# United States of America

## United States Patent and Trademark Office

# SWISH SMILE

**Reg. No. 5,451,873**

**Registered Apr. 24, 2018**

**Int. Cl.: 44**

**Service Mark**

**Principal Register**

Brush Dental Domain, PC (TEXAS professional corporation )
301 Brazos Street Apt 723
Austin, TEXAS 78701

CLASS 44: Dentist services

FIRST USE 8-28-2017; IN COMMERCE 8-28-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "SMILE"

SER. NO. 87-596,793, FILED 09-05-2017



Director of the United States
Patent and Trademark Office

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office

# SWISH DENTISTRY

**Reg. No. 5,753,043**

**Registered May 14, 2019**

**Int. Cl.: 44**

**Service Mark**

**Principal Register**

Brush Dental Domain, PC  (TEXAS professional corporation )
3310 W Braker Ln Bldg 1-100
Austin, TEXAS 78758

CLASS 44: Dentist services

FIRST USE 2-27-2019; IN COMMERCE 2-27-2019

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 5451873, 5318303

No claim is made to the exclusive right to use the following apart from the mark as shown: "DENTISTRY"

SER. NO. 87-923,268, FILED 05-16-2018



Director of the United States
Patent and Trademark Office

# EXHIBIT D





# DDDDDDrum Rollllll...!!!

The team at Swish Dental Group is excited to announce the **upcoming** opening of our beautiful new family dental practice in Houston's Museum District.



Coming Soon!

## We will keep you posted on our exciting news!

Located at **4817 Main Street, Suite 210, Houston, TX 77002**
(At the corner of Main Street and Arbor Place).